## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUBANBEK PAMIRBEK UULU : CIVIL ACTION
:
       v. : NO.  26-1971
:
JAMAL L. JAMISON, BRIAN :
MCSHANE, TODD M. LYONS, MARK :
WAYNE MULLIN, PAMELA JO BONDI :

## ORDER

**AND NOW**, this 6th day of April, 2026, upon consideration of Subanbek Pamirbek

Uulu's petition for writ of *habeas corpus* under 28 U.S.C. § 2241 (DI 1) and the government's

non-response[1], it is **ORDERED** that Mr. Uulu's petition is **GRANTED** for the reasons that

follow:

1.      Mr. Uulu is a native of Kyrgyzstan, who entered the United States in March 2024.

DI 1 at ¶ 1.  He resides in Philadelphia and has a pending asylum claim.  *Id.* at ¶¶ 2-3.  Mr. Uulu

also obtained an Employment Authorization Document, and has been working as a delivery

driver.  *Id.* at ¶ 3.

2.      On March 19, 2026, Immigration and Customs Enforcement (ICE) took Mr. Uulu

into custody and detained him at the Federal Detention Center in Philadelphia.  *Id.* at ¶ 4.  The

government then transferred Mr. Uulu to the Moshannon Valley Processing Center on March 28,

2026.  ICE is detaining Mr. Uulu under Section 1225 of the Immigration and Nationality Act

---

[1] We ordered the government to respond to Mr. Uulu's petition by March 31, 2026.  DI 2. When they did not do so, we e-mailed the U.S. Attorney's Office a copy of Mr. Uulu's petition and our order.  The government e-mailed back that they were never served with this case and asked if they could have until April 3 to respond.  We agreed.  It is now April 6, and while a government lawyer filed an appearance on April 1 (DI 3), no response has been filed.  Therefore, we are granting Mr. Uulu's petition but will delay our order's enforcement until April 8.  The government may automatically forestall our order by responding to the petition by April 7.

(INA).  *Id.* at ¶ 7.

3.      Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2).  Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

4.      By contrast, Section 1226 of the INA, titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

5.      As we recently held in *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026), *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026), and *Godinez Chavez v. Jamison et al.*, No. 26-cv-1569 (Mar. 17, 2026),  Section 1226(a) — not Section 1225(b)(2) — governs the detention of noncitizens like Mr. Uulu who have entered the United States without admission but have long resided in the interior.  This is also the position of the vast majority of district courts who have confronted this issue, including more than 250 decisions from judges in

2

this district.

6.      We adopt the reasoning of judges of this district who have considered this issue

for the wholly persuasive reasons stated therein.  *See, e.g.*, *Patel v. McShane*, 2025 WL 3241212

(E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19,

2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov.

18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)

(Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025)

(Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL

3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL

3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al.*, 2025 WL 3298003

(E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa.

Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1,

2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025)

(Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.);

*Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden,*

*FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025

WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL

3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820

(E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa.

Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5,

2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025)

(Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025)

(Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.);

*Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.);

*AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*,

2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).

7.    Accordingly, if Mr. Uulu is subject to detention at all, it is under 8 U.S.C.

Section 1226(a).  The government shall **RELEASE** Mr. Uulu from custody by **5:00 p.m. ET** on

**Wednesday, April 8**  and certify compliance with this Order by filing on the docket by **5:00**

**p.m. ET** on **Wednesday, April 8**;

8.    The government is temporarily enjoined from re-detaining Mr. Uulu for seven

days following his release from custody;

9.    If the government chooses to pursue re-detention of Mr. Uulu after that seven-day

period, it must first provide him with a bond hearing, at which a neutral immigration judge shall

determine whether detention is warranted pending the resolution of his removal proceedings; and

10.    Pending the ordered bond hearing, the government cannot remove, transfer, or

otherwise facilitate the removal of Mr. Uulu from the Eastern District of Pennsylvania before the

ordered bond hearing.  If an immigration judge determines that Mr. Uulu is subject to detention

under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr.

Uulu if unforeseen or emergency circumstances arise that require him to be removed from the

District.  Any such request must include an explanation for the request as well as a proposed

destination. We will then determine whether to grant the request and permit transfer of Mr. Uulu.

**MURPHY, J.**